DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200



FILED
JUN - 8 2007
USDC WP SDNY

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNDERWRITERS AT LLOYDS'         :   07 Civ.
SUBSCRIBING TO COVERNOTE MW0502100,
and LEXMARK INTERNATIONAL, INC. :
                                    **COMPLAINT**
            *Plaintiffs,*        :

      - against -                :

                                    JUDGE BUCHWALD
EXEL TAIWAN CO., LTD. d/b/a HENDERSON :
LINE, HENDERSON LINE LTD.

            *Defendants.*        :

------------------------------------x

07 CIV. 5458

      Plaintiffs, Underwriters at Lloyds' Subscribing to Covernote MW0502100 (hereinafter "Lloyds'"), and Lexmark International, Inc., (hereinafter "Lexmark") by its attorneys, Maloof Browne & Eagan LLC, as and for their Complaint, alleges on information and belief

      1.    All and singular the following premises are true and constitute claims arising under the Court's federal question jurisdiction (28 U.S.C. 1331 and 49 U.S.C. 11706) and/or supplemental jurisdiction (28 U.S.C. 1367) as hereinafter more fully appears.

      2.    Plaintiff Lloyds' are insurance companies located in London, and is the insurer of the Shipments that are the subject of this action, as more fully described below.

3. At all times material hereto, Plaintiff Lexmark was and is a corporation organized and existing under the laws of Delaware and was the owner of the Shipments which are the subject matter of this action.

4. Defendants Exel Taiwan Co., Ltd. d/b/a Henderson Line (hereinafter "Exel") and Henderson Line Limited (hereinafter "Henderson") (collectively "Defendants") are corporations organized and existing under the laws of a foreign country, were and are doing business as a common carrier of goods for hire, was the originating carrier of one of the Shipments at issue, and does business in the State of New York.

5. Venue is proper here within the meaning of 28 U.S.C. § 1391 and 49 U.S.C. 11706(d)(2). All defendants reside within this District within the meaning of 28 U.S.C. § 1391(c). The defendants' bill of lading contains a New York bill of lading clause.

## A. ADF OPTICAL ASSEMBLY

6. On or about May 23, 2006 in Kellung, Taiwan, there shipped by Avision, Inc. and delivered to Defendants a shipment of ADF optical assemblies, main boards and spares, then being in good order and condition in Container UESU 4280150 ("the ADF Shipment") and Defendants then accepted the Shipment so shipped. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendants further agreed to transport and carry said Shipment to Louisville, Kentucky and there deliver the Shipment in like good order and condition to Lexmark or its designee. This shipment was described in certain bills of lading issued and numbered TPE03-185070, dated on or about May 23, 2006.

## B. PRINTER PARTS SHIPMENT

7. On or about May 19, 2006, in Hong Kong there shipped by Fumai Electric (H.K.), Ltd. and delivered to Defendants a shipment of printer service parts, then being in good order and condition in Container HJCU-8920158 (the "Printer Parts Shipment"), and Defendants

then accepted the Printer Parts Shipment so shipped. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendants further agreed to transport and carry said Shipment to Louisville, Kentucky and there deliver the Shipment in like good order and condition to Plaintiff Lexmark or its designee. This shipment was described in certain bills of lading including HKG08-852853, dated on or about May 19, 2006.

### C. LASER PRINTER SHIPMENT

8. On or about May 22, 2006, in Shanghai, China, there shipped by Benq Optronics (Suzhou Co., Ltd.) and delivered to Defendants a shipment of laser printers, then being in good order and condition in Container HJCU105518-7 (the "Laser Printer Shipment"), and Defendants then accepted the Shipment so shipped. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendants further agreed to transport and carry said Shipment to Seymour, Indiana and there deliver the Shipment in like good order and condition to Plaintiff Lexmark or its designee. This shipment was described in certain bills of lading, including SHA11-775750, dated on or about May 22, 2006.

### D. LASER PRINTER SPARES SHIPMENT

9. On or about May 19, 2006, in Tokyo, Japan, there shipped by Fuji Xerox Printing systems and delivered to Defendants a shipment of spare parts for laser printers, then being in good order and condition in Container GESU 2949270 (the "Laser Printer Spares"), and Defendants then accepted the Shipment so shipped. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendants further agreed to transport and carry said Shipment to Louisville Kentucky and there deliver the Shipment in like good order and condition to Plaintiff Lexmark or its designee. This shipment was described in certain bills of lading including TY003-254970, dated on or about May 22, 2006.

### III. BNSF TRAIN DERAILMENT

10. Prior to delivery of the shipments, on or about June 9, 2006 in the vicinity of Anzac, New Mexico, a BNSF train derailed causing damage to all four Shipments.

11. Thereafter, the Defendants made delivery of the Shipments, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, short and seriously injured and impaired in value, all in violation of Defendants' obligations and duties as common carriers of merchandise for hire, and to perform their services in a careful, workmanlike manner, and otherwise in violation of their duties.

12. Plaintiff Lexmark owned the Shipments and has incurred and will incur losses as a result of the damage to the Shipments. Plaintiff Lloyds' insured the Shipments, and has incurred, and will incur, losses as a result of the damage to the Shipments.

13. Plaintiff Lexmark has performed all conditions on its parts to be performed. Plaintiffs bring this action on their own behalf and as agent, trustee, assignee and/or subrogee, on behalf of and for the interest of all parties interested in and who were damaged as a result of the damage suffered by the said Shipments, as their respective interests may ultimately appear. Plaintiffs are duly entitled to maintain this action.

14. By reason of the foregoing, Plaintiffs have sustained damages for each Shipment, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding as follows:

| | | |
|---|---|---|
| A. | ADF SHIPMENT | $195,000 |
| B. | PRINTER PARTS | $45,000 |
| C. | LASER PRINTERS | $200,000 |
| D. | LASER PRINTER SPARES: | $182,000 |

15. All portions of the carriage were part of an international and interstate transportation of goods.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND OTHER DUTIES UNDER APPLICABLE LAWS AS TO THE ADF SHIPMENT
(As against all Defendants)

16. Plaintiffs incorporate herein by reference the allegations of paragraphs 1-15 above.

17. By reason of the foregoing, Defendants were carriers and breached their duties of a carrier under, *inter alia,* 49 U.S.C. 11706 and/or other applicable laws and under the contract of carriage.

18. By reason of the foregoing, Defendants have caused damage to Plaintiffs in an amount estimated to be up to and exceeding US $195,000.

## SECOND CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT AS TO THE ADF SHIPMENT
(As against all Defendants)

19. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 18 above.

20. Defendants directly or through their employees, agents or independent contractors, each willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the ADF Shipment which a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to carry the ADF Shipment such as were reasonably required and would be sufficient to prevent the damage to the Shipment.

21. The Shipment suffered loss as alleged herein, as a proximate result of Defendants' said willful, reckless, grossly negligent and/or negligent conduct.

22. Defendants are accordingly liable to Plaintiffs in an amount estimated to be or exceed U.S. $195,000.

### THIRD CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS AS TO THE ADF SHIPMENT
(As against all Defendants)

23. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 22 above.

24. Defendants at relevant times acted as carrier of goods for hire, and/or bailee of or otherwise had a duty to care for the ADF Shipment at the time it was in their custody. Defendants thereby, or through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Shipment in the same condition as when entrusted to them, and/or to perform their services or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendants breached those obligations and negligently failed to deliver to Plaintiff's designees of consignees the Shipment in as complete and good conditions as when entrusted to them.

25. By reason of the foregoing, the Defendants have caused damage as alleged herein to Plaintiffs, and are liable to Plaintiffs for such damages in an amount estimated to be or exceed U.S. $195,000.

### FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT AND OTHER DUTIES UNDER APPLICABLE LAWS AS TO THE PRINTER PARTS SHIPMENT
(As against all Defendants)

26. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 25 above.

27. By reason of the foregoing, Defendants were carriers and breached their duties of a carrier under, *inter alia,* 49 U.S.C. 11706 and/or other applicable laws and under the contract of carriage.

28. By reason of the foregoing, Defendants have caused damage to Plaintiffs in an amount estimated to be up to and exceeding US $45,000.00.

## FIFTH CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY
### NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT AS TO THE PRINTER PARTS SHIPMENT
(As against all Defendants)

29. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 28 above.

30. Defendants directly or through their employees, agents or independent contractors, each willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Printer Parts Shipment which as reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to carry the Shipment such as were reasonably required and would be sufficient to prevent the damage to the Shipment.

31. The Shipment suffered loss as alleged herein, as a proximate result of Defendants' said willful, reckless, grossly negligent and/or negligent conduct.

32. Defendants are accordingly liable to Plaintiffs in an amount estimated to be or exceed U.S. $45,000.00.

## SIXTH CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
### AS TO THE PRINTER PARTS SHIPMENT
(As against all Defendants)

33. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 32 above.

34. Defendants at relevant times acted as carrier of goods for hire, and/or bailee of or otherwise had a duty to care for the Shipment at the time it was in their custody. Said Defendants thereby, or through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Shipment in the same condition as when entrusted to them, and/or to perform their services or to ensure that those service were performed with reasonable care and in a non-negligent and workmanlike manner. Said Defendants breached those obligations and negligently failed to deliver to Plaintiff's designees or consignees the Shipment in as complete and good condition as when entrusted to them.

35. By reason of the foregoing, the said Defendants have caused damage as alleged herein to Plaintiffs, and are liable to Plaintiffs for such damages in an amount estimated to be or exceed U.S. $45,000.00.

## SEVENTH CAUSE OF ACTION

### BREACH OF CONTRACT AND
### OTHER DUTIES UNDER APPLICABLE LAWS
### OR TREATIES AS TO THE LASER PRINTER SHIPMENT
(As against all Defendants)

36. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 35 above.

37. By reason of the foregoing, said Defendants were carriers and breached their duties of a carrier under, *inter alia,* 49 U.S.C. 11706 and/or other applicable laws and under the

contract of carriage.

38. By reason of the foregoing, said Defendants have caused damage to Plaintiffs in an amount estimated to be up to and exceeding US $200,000.00.

## EIGHTH CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY
### NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT AS TO THE LASER PRINTER SHIPMENT
(As against all Defendants)

39. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 38 above.

40. Defendants directly or through their employees, agents or independent contractors, each willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Shipment which a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to carry the Shipment such as were reasonably required and would be sufficient to prevent the damage to the Shipment.

41. The Shipment suffered loss as alleged herein, as a proximate result of said Defendants willful, reckless, grossly negligent and/or negligent conduct.

42. Said Defendants are accordingly liable to Plaintiffs in an amount estimated to be or exceed U.S. $200,000.00.

## NINTH CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
### AS TO THE LASER PRINTER SHIPMENT
(As against all Defendants)

43. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 42 above.

44. Defendants at relevant times acted as carrier of goods for hire, and/or bailee of or otherwise had a duty to care for the Laser Printer Shipment at the time it was in their custody. Said Defendants thereby, or through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Shipment in the same condition as when entrusted to them, and/or to perform their services or to ensure that those service were performed with reasonable care and in a non-negligent and workmanlike manner. Said Defendants breached those obligations and negligently failed to deliver to Plaintiff's designees or consignees the Shipment in as complete and good condition as when entrusted to them.

45. By reason of the foregoing, the said Defendants have caused damage as alleged herein to Plaintiffs, and are liable to Plaintiffs for such damages in an amount estimated to be or exceed U.S. $200,000.00.

## TENTH CAUSE OF ACTION

### BREACH OF CONTRACT AND OTHER DUTIES UNDER APPLICABLE LAWS AS TO THE LASER PRINTER SPARES SHIPMENT
(As against All Defendants)

46. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 45 above.

47. By reason of the foregoing, Defendants were carriers and breached their duties of a carrier under, *inter alia,* 49 U.S.C. 11706 and/or other applicable laws and under the contract of carriage.

48. By reason of the foregoing, said Defendants have caused damage to Plaintiffs in an amount estimated to be up to and exceeding US $182,000.00.

## ELEVENTH CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY
### NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT AS TO THE LASER PRINTER SPARES SHIPMENT
(As against all Defendants)

49.     Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 48 above.

50.     Defendants directly or through their employees, agents or independent contractors, each willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Shipment which a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to carry the Shipment such as were reasonably required and would be sufficient to prevent the damage to the Shipment.

51.     The Shipment suffered loss as alleged herein, as a proximate result of Defendants' said willful, reckless, grossly negligent and/or negligent conduct.

52.     Defendants are accordingly liable to Plaintiffs in an amount estimated to be or exceed U.S. $182,000.00.

## TWELFTH CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
### AS TO THE LASER PRINTER SPARES SHIPMENT
(As against all Defendants)

53.     Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 52 above.

54.     Defendants at relevant times acted as carrier of goods for hire, and/or bailee of or otherwise had a duty to care for the Shipment at the time it was in their custody. Said

Defendants thereby, or through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Shipment in the same condition as when entrusted to them, and/or to perform their services or to ensure that those service were performed with reasonable care and in a non-negligent and workmanlike manner. Said Defendants breached those obligations and negligently failed to deliver to Plaintiff's designees or consignees the Shipment in as complete and good condition as when entrusted to them.

55. By reason of the foregoing, the Defendants have caused damage as alleged herein to Plaintiffs, and are liable to Plaintiffs for such damages in an amount estimated to be or exceed U.S. $182,000.00.

WHEREOF, Plaintiff pray:

1. That judgment may be entered in favor of Plaintiffs against Defendants for the amount of each Plaintiffs' damages, together with interest and costs, and the disbursements of this action;

2. That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

Dated: Rye, New York
       June 7, 2007

MALOOF BROWNE & EAGAN LLC

By:_____
David T. Maloof (DM 3350)
Thomas M. Eagan (TM 1713)
411 Theodore Fremd Avenue – Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023

*Attorneys for Plaintiff*